**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



JTH TAX, INC.,

    Plaintiff,

v.                           ACTION NO. 2:11cv22

DANOO NOOR,
NAIYANA NOOR, AND
MARY ESPOSITO,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on the Motion for Order To Show Cause Why Danoo Noor, Naiyana Noor, Mary Esposito, and Fred Olson Should Not Be Held in Civil Contempt, filed by JTH Tax, Inc. ("JTH") on April 27, 2012. Neither the Defendants nor Fred Olson responded to JTH's motion, and the Defendants have failed to appear, answer, or file any other responsive pleadings during the course of this case. On May 24, 2012, Judge Robert G. Doumar[1] ordered Danoo Noor, Naiyana Noor, and Mary Esposito to show cause why they should not be held in civil contempt for violating the court's order entered on May 11, 2011 ("May 11, 2011, Order"). (ECF No. 21.) On August 31, 2012, this court held a Show Cause Hearing on the issue of whether the Defendants

---

[1] Judge Doumar recused himself by Order of June 19, 2012, at which point the case was reassigned.

are in violation of the May 11, 2011, Order, and took the matter under advisement. For the reasons discussed below, the court **FINDS** that Danoo Noor, Naiyana Noor, and Mary Esposito are, in part, in violation of the court's May 11, 2011, Order.

## I. Factual and Procedural History

The Plaintiff, JTH, is a tax preparation franchisor doing business as Liberty Tax Service. It entered into franchise agreements with Naiyana Noor and Mary Esposito in 2004. JTH terminated the franchise agreements in 2010, for various contractual breaches. In January 2011, the Defendants began operating a competing tax preparation business, Pinnacle Tax Services, in violation of the non-compete covenant in the franchise agreements. The Defendants also failed to return customer data, tax returns, and the Operations Manual, as required by the franchise agreements.

JTH filed a Complaint on January 22, 2011, alleging Breach of Franchise Agreement, Tortious Interference with a Contract, Business Conspiracy, and Civil Conspiracy. It sought damages and a permanent injunction. On March 28, 2011, the Clerk of Court entered default against the Defendants for failure to file an answer. On May 11, 2011, the court granted the Plaintiff default judgment in the amount of $55,066.78, and enjoined the Defendants from conducting operations in contravention of their contractual obligations.

On April 27, 2012, JTH filed a Motion for Order To Show Cause Why the Defendants and Fred Olson (a third-party employee of the Defendants) Should Not Be Held in Civil Contempt for violating the court's May 11, 2011, Order. In its Memorandum in Support of the Motion, JTH alleged that the Defendants are preparing tax returns at Pinnacle Tax Service, soliciting the patronage of former Liberty customers, retaining Liberty customer lists and information, retaining Liberty customer tax returns, files, records, and copies, and retaining the Liberty Operations Manual and all updates, all in violation of the May 11, 2011, Order. Mem. Supp. at 8.

The court held a hearing on that Motion, and on May 25, 2012, issued an order directing Danoo Noor, Naiyana Noor, and Mary Esposito to show cause at a hearing to be held on June 19, 2012.[2] Because of Judge Doumar's recusal, the show cause hearing was rescheduled. On August 31, 2012, the court held the Show Cause hearing on the issue of whether the Defendants are in violation of the May 11, 2011, Order. The Defendants did not appear. The court found that proper notice of the Show Cause hearing was given to all Defendants, and took the matter under advisement.

---

[2] Fred Olson was omitted from Judge Doumar's June 19, 2012, Show Cause Order. Accordingly, this court declines to find Fred Olson in contempt.

3

## II. Civil Contempt Standard of Review

The proceeding at issue is one for civil, rather than criminal contempt. "The basic difference between civil and criminal contempt sanctions is that <u>civil</u> contempt sanctions are intended 'to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained,' while <u>criminal</u> contempt sanctions are intended 'to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct . . . .'" <u>Bradley v. Am. Household, Inc.</u>, 378 F.3d 373, 378 (4th Cir. 2004) (quoting <u>Buffington v. Balt. Cnty.</u>, 913 F.2d 113, 133 (4th Cir. 1990)) (emphasis added). A finding of civil contempt must be established by clear and convincing evidence, <u>Bradley</u>, 378 F.3d at 378, but the court need not make a finding that the defendant's actions were willful in order to find him in contempt of court, <u>McComb v. Jacksonville Paper Co.</u>, 336 U.S. 187, 191 (1949). Before imposing civil contempt sanctions, the court should afford the alleged contemnor notice and the opportunity to be heard. <u>Int'l Union, United Mine Workers of Am. v. Bagwell</u>, 512 U.S. 821, 827 (1994); <u>In re Computer Dynamics, Inc.</u>, 253 B.R. 693, 699 (E.D. Va. 2000).

To establish civil contempt, JTH must prove the following by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's 'favor'; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (quoting Colonial Williamsburg Found. v. The Kittinger Co., 792 F. Supp. 1397, 1405-6 (E.D. Va. 1992), aff'd, 38 F.3d 133, 136 (4th Cir. 1994)).

Upon a finding of contempt, the court may enter sanctions in the form of a fine or imprisonment. Int'l Union, 512 U.S. at 828. The court has broad discretion to fashion an appropriate remedy to coerce compliance with the terms of the permanent injunction. United States v. Darwin Constr. Co., 873 F.2d 750, 756 (4th Cir. 1989). If the court elects to impose a fine, the fine can be either compensatory or coercive. United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947). A fine is appropriate "to impress upon the defendants the need to take all steps necessary to carry out all facets of the Court's order." Landman v. Royster, 354 F. Supp. 1292, 1301 (E.D. Va. 1973). The court may grant the contemnor a period of time within which he may purge the contempt before beginning to assess a daily fine. See, e.g., SEC v. Dunlap, 253 F.3d 768, 771 (4th Cir.

5

2001); JTH Tax, Inc. v. Lee, 540 F. Supp. 2d 642, 647 (E.D. Va. 2007).

### III. Analysis

#### A. Notice of the Show Cause Hearing

Prior to holding a person in contempt, the court must provide the alleged contemnor notice and opportunity for a hearing. Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827, (1994); In re Computer Dynamics, Inc., 253 B.R. 693, 699 (E.D. Va. 2000). For the reasons stated from the bench during the August 31, 2012, Show Cause Hearing, the court **FOUND** that the Defendants received sufficient notice regarding the hearing to comport with due process.

#### B. Civil Contempt Motion as to the Defendants

As stated from the bench, JTH has demonstrated that the first and second Ashcraft factors have been met. With regard to the first factor, the Defendants had at least constructive knowledge of the May 11, 2011, Order, because they were personally served at the commencement of this lawsuit, and both the court and JTH mailed a copy of the May 11, 2011, Order to the Defendants at their last known mailing addresses.[3] As to the second factor, the decree was unquestionably in JTH's favor: the court granted JTH money damages and the requested equitable

---

[3] The notices the court mailed were not returned.

6

relief, including an injunction against the Defendants. See May 11, 2011, Order.

Additionally, JTH has met its burden with respect to the fourth Ashcraft factor. In issuing its May 11, 2011, Order, the court found that the Defendants' "failure to turn over [customer information, data, and prior tax returns] and operation of a competing tax preparation service utilizing such records is irreparably injurious to Plaintiff." May 11, 2011, Order at 4. By any continued breach of the post-termination agreement, the harm to JTH clearly remains.

Thus, the only issue remaining for the court to decide is whether each of the Defendants knowingly continues to breach the court's orders. JTH has shown by clear and convincing evidence that the Defendants knowingly continue to breach the May 11, 2011, Order in that they have not returned to JTH all customer lists and information, customer tax returns, files, records, and copies, or the Liberty Operations Manual. Decl. Nannette Simons, Sept. 11, 2012, at ¶ 4. Therefore, the third Ashcraft factor is met with respect to the Defendants' retention of files, lists, etc..

However, the Plaintiff has failed to meet its burden with regard to the alleged continued violation of the May 11, 2011, Order's injunction to cease tax preparation services within the Bayonne, New Jersey, and Perth Amboy, New Jersey, territories,

7

and within twenty-five (25) miles of each of those territories for one year and seven months. See May 11, 2011, Order, at 6-7, ¶¶ 1-2. JTH has not demonstrated by clear and convincing evidence that the Defendants are presently engaged in tax preparation services within twenty-five (25) miles of either the Bayonne, New Jersey, territory or the Perth Amboy, New Jersey, territory. At no point has JTH offered evidence of any violations with regard to the Perth Amboy, New Jersey, territory.

The only evidence JTH has offered to prove that the Defendants are still engaged in tax preparation operations in the Bayonne, New Jersey, territory is the September 14, 2012, declaration of Donald DelPrete.[4] In that declaration, DelPrete stated that he visited 350 Broadway, Bayonne, New Jersey, on August 6, 2012, and observed that Pinnacle Tax was open for business. Decl. Donald DelPrete, Sept. 14, 2012, at ¶¶ 3-5. He further stated that he visited the office on September 13, 2012, but at that time the office was not open. Id. at ¶¶ 6-7. DelPrete attached to his declaration a photograph of the

---

[4] At the Show Cause hearing on August 31, 2012, the court questioned an earlier declaration by Donald DelPrete filed on August, 28, 2012, which stated that DelPrete visited 350 Broadway, Bayonne, New Jersey on August 6, 2012, and that he observed that Pinnacle Tax was open for business. For the reasons stated from the bench, the court declined to accept this declaration as evidence of the Defendants' ongoing engagement in tax preparation services.

8

exterior of the office and a photograph, taken from the window, showing the inside of the office. Id., Exs. 1, 2.

Although the presence of the Pinnacle Tax Service sign in the photograph of the exterior is some evidence that the Defendants might be engaged in tax operations at this time, countervailing facts strongly suggest that the Defendants are, in fact, not currently engaging in tax preparation services in violation of the May 11, 2011, Order. For instance, the store was not open for business at 2:30 P.M. on a Thursday afternoon, Decl. Donald DelPrete, Sept. 14, 2012, at ¶¶ 6-7, and there was a "For Sale" sign in the window at the time of DelPrete's September 13 visit, id., Ex. 1. Moreover, the picture showing the inside of the office does not depict a situation of ongoing operations. Id., Ex. 2. In short, JTH has not proved by clear and convincing evidence that the Defendants are still preparing tax returns at the 350 Broadway, Bayonne, New Jersey office in contravention of the May 11, 2011, Order, or at any other location covered by the May 11, 2011, Order.

In summary, the Plaintiff has established each of the Ashcraft factors by clear and convincing evidence with respect to the May 11, 2011, Order's directive to return JTH's customer lists and information, customer tax returns, files, records, and copies, or the Liberty Operations Manual, but not for continued violations of the May 11, 2011, Order's injunction to cease tax

9

preparation operations. Accordingly, the court **FINDS** Defendants Danoo Noor, Naiyana Noor, and Mary Esposito in civil contempt of the May 11, 2011, Order for failing to return the Plaintiff's files, lists, etc..

## IV. Sanctions

The court **ORDERS** Defendants Danoo Noor, Naiyana Noor, and Mary Esposito to comply immediately with all provisions of the May 11, 2011, Order. The court **GRANTS** the Defendants ten (10) days to purge the contempt. See SEC v. Dunlap, 253 F.2d 768, 771 (4th Cir. 2001) (granting contemnor one week during which he could purge the contempt before beginning to assess a daily fine). Defendants are ordered to submit to the court, within ten (10) days of the date of this Memorandum Opinion and Order, evidence that they have complied with all aspects of the May 11, 2011, Order. If they have not complied within that time, the court will assess a fine of $100 per day, per Defendant, until they do so. JTH is also on notice to notify the court once the Defendants achieve full compliance.

### A. Extension of Injunctive Relief

Finding an extension of a non-compete covenant necessary to prevent a defendant from reaping the profits of a breach, numerous courts have granted an extension of the protected period, as a form of equitable relief. See Roanoke Eng'g Sales Co. v. Rosenbaum, 290 S.E.2d 882, 886-87 (Va. 1982) (holding

that prospective enforcement of a non-compete covenant was a proper remedy where the three-year protected period had expired before the court entered judgment in the case); JTH Tax, Inc. v. Fein, No. 2:08cv21, slip op. at 16-17 (Oct. 7, 2009) (granting an extension of the injunction so the defendant would not "benefit from his misfeasance"); see also Overholt Crop Ins. Serv. Co. v. Travis, 941 F.2d 1361, 1371-72 (8th Cir. 1991) (affirming trial court's decision that the injunction should begin from the date of the jury verdict); Premier Indus. Corp. v. Tex. Indus. Fastener Co., 450 F.2d 444, 448 (5th Cir. 1971) (affirming grant of injunction that extended restricted period beyond the termination date of the original covenant); TEKsystems, Inc. v. Bolton, No. RDB-08-3099, 2010 U.S. Dist. LEXIS 9651, at *28-29 (D. Md. Feb. 4, 2010) (extending the covenant's period for a period of time equal to the duration of defendant's non-compliance).

In the instant case, Defendants signed a two-year, 25-mile covenant not to compete. May 11, 2011, Order at 2. Under the Franchise Agreement, the non-compete covenant was to run for two years following the termination of the franchised business. Decl. June Montalbano, Jan. 11, 2011, Ex. 1, at 11. JTH seeks an extension of the injunction so that it runs prospectively from the date the Defendants begin to comply with this court's contempt order. Mem. Supp. at 12.

JTH sought similar relief from the court in its Motion for Default Judgment. Mot. Default J. at 3 (requesting that the non-compete and non-solicitation covenants extend for two years from the date of the entry of the injunction order). In ruling on that motion, the court declined to extend the non-compete covenant a full two years, electing instead to grant JTH an injunction for a period of one year and seven months. May 11, 2011, Order at 5.[5]

The Defendants did not violate the injunction during the period from August through December 2010. May 11, 2011, Order at 5. Furthermore, JTH has failed to prove to the court's satisfaction that the Defendants are presently violating the injunction by operating a tax preparation service.[6] The court finds, however, that the Defendants were violating the injunction in March and April of 2012. Decl. Sarah L. Bosko, April 27, 2012; Decl. Donald DelPrete, April 12, 2012. Given the court's earlier finding that the Defendants were engaged in

---

[5] The court reasoned that since Defendants did not engage in tax operations during the period from August through December 2010, enjoining Defendants for two years from date of entry of the default judgment "would give Plaintiffs the benefit of a non-compete for a term longer than provided for under the Franchise Agreements." Id.

[6] JTH has simply not offered sufficient evidence to persuade the court of the veracity of Donald DelPrete's allegation that he visited 350 Broadway, Bayonne, New Jersey on August 6, 2012, and observed that Pinnacle Tax Service was open for business. See supra note 4.

tax preparation services in May 2011, when it initially issued the injunction, the court is satisfied that the Defendants continued to engage in tax preparation services from May, 10, 2011, at least through April 2012, in violation of the Court's May 11, 2011, Order.

In the interest of equity, and to prevent the Defendants from benefitting from their period of non-compliance with the May 11, 2011, Order, the court **EXTENDS** the non-compete injunction as it applies to the Bayonne, New Jersey, territory, and within twenty-five (25) miles of that territory, for a period of one year and seven months from April 2, 2012.[7] Accordingly, the Defendants are **ENJOINED** from preparing or filing income tax returns, offering bank products, and soliciting the patronage of former Liberty customers, within the Bayonne, New Jersey territory and within twenty-five (25) miles of the boundaries of that territory, as specified in paragraphs (1) and (2) on pages 6 and 7 of the May 11, 2011, Order, until November 2, 2013.

### B. Attorney's Fees

In fashioning a remedy for civil contempt, the district court enjoys broad discretion, which includes the power to award

---

[7] April 2, 2012, is the most recent date for which the Plaintiff has offered evidence sufficient to sustain a finding that the Defendants were engaged in tax preparation services at the Bayonne, New Jersey, location in contravention of the May 11, 2011, Order. See Decl. Sarah L. Bosko, April 27, 2012, at ¶ 6.

13

reasonable attorney's fees. In re Gen. Motors Corp., 61 F.3d 256, 259 (4th Cir. 1995). Under the "American Rule" "the prevailing litigant is ordinarily not entitled to collect attorneys' fees from the loser," Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (U.S. 1975), but the Supreme Court has recognized an exception where there is "willful disobedience of a court order," Id. at 258. In the context of contempt, district courts in the Fourth Circuit have held that "the contemnor's refusal to comply with a court's order must rise at least to the level of obstinance or recalcitrance before the willful exception is invoked." Omega World Travel, Inc. v. Omega Travel, Inc., 710 F. Supp. 169, 173 (E.D. Va. 1989), (citing Wright v. Jackson, 522 F.2d 955, 957-58 (4th Cir. 1975), aff'd, 905 F.2d 1530 (4th Cir. 1990)); see also JTH Tax, Inc. v. Fein, No. 2:08cv21, slip op. (E.D. Va. Oct. 7, 2009); Columbia Gas Transmission Corp. v. Mangione Enters. of Turf Valley, L.P., 964 F. Supp. 199 (D. Md. 1996).

The evidence in this case indicates that the Defendants' non-compliance was not merely "negligent and careless." Omega World Travel, 710 F. Supp. at 173. Rather, the Defendants have completely and continuously disregarded the May 11, 2011 Order's directive to return Liberty customer tax returns, files, records, copies, and the Liberty Operations Manual and all updates. Despite being notified numerous times of their

violations, the Defendants have made no attempt whatsoever to come into compliance. As such, the Defendants' conduct rises to the level of "obstinance or recalcitrance."

The court, therefore, **ORDERS** the Defendants to pay reasonable attorney's fees to JTH for willfully violating the May 11, 2011, Order. JTH has fourteen (14) days in which to submit evidence of reasonable attorney's fees incurred subsequent to the entry of the May 11, 2011, Order.

### V. Conclusion

For the foregoing reasons, the court **FINDS** Defendants Danoo Noor, Naiyana Noor, and Mary Esposito in civil contempt of the court's May 11, 2011, Order for failing to return to the Plaintiff all customer lists and information, customer tax returns, files, records, and copies, and the Liberty Operations Manual. The court **ORDERS** Defendants Danoo Noor, Naiyana Noor, and Mary Esposito to comply immediately with all provisions of the May 11, 2011, Order. The court **GRANTS** the Defendants ten (10) days to purge the contempt. If they have not complied within that time, the court will assess a fine of $100 per day, per Defendant, until they do so. All parties are on notice to notify the court once the Defendants achieve full compliance with this Memorandum Order.

The court **EXTENDS** the non-compete injunction as it applies to the Bayonne, New Jersey, territory, and within twenty-five

(25) miles of that territory, until November 2, 2013. The court will **ORDER** the Defendants to pay, jointly and/or severally, reasonable attorney's fees to JTH for willfully violating the May 11, 2011, Order. JTH must submit evidence of reasonable attorney's fees incurred subsequent to the May 11, 2011, Order within fourteen (14) days, if it wishes the court to award these fees.

The court **DIRECTS** the Clerk to forward a copy of this Memorandum Opinion and Order to all parties.

**IT IS SO ORDERED.**

                                                 /s/
                                     Rebecca Beach Smith
                                         Chief
                                  United States District Judge
REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 26, 2012