UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JTH TAX, INC.,

      Plaintiff,

v.                              CIVIL NO. 2:11cv22

DANOO NOOR,
NAIYANA NOOR, AND
MARY ESPOSITO,

      Defendants.

## MEMORANDUM ORDER

In an Order filed on September 26, 2012, the court found Danoo Noor, Naiyana Noor, and Mary Esposito ("Defendants") in civil contempt of the court's May 11, 2011, Order for failing to return to the Plaintiff, JTH Tax Inc. ("JTH"), all customer lists and information, customer tax returns, files, records, and copies, and the Liberty Operations Manual. The September 26, 2012, Order, indicated that the court would further order the Defendants to pay reasonable attorney's fees to JTH upon JTH's submission of evidence of such fees incurred subsequent to the May 11, 2011, Order. On October 10, 2012, JTH submitted its Notice of Evidence of Attorney's Fees. (ECF No. 45.) The Defendants have not responded to JTH's evidence, and they have failed to appear, answer, or file any responsive pleadings during the course of this case. The matter is now ripe for review.

## I. Factual and Procedural History

The relevant factual history is set forth in detail in the court's September 26, 2012, Memorandum Opinion and Order and need not be repeated in full herein. (ECF No. 44). In brief review, JTH is a tax preparation franchisor doing business as Liberty Tax Service. It entered into franchise agreements with Naiyana Noor and Mary Esposito in 2004. JTH terminated the franchise agreements in 2010, for various contractual breaches. JTH filed a Complaint on January 22, 2011, alleging Breach of Franchise Agreement, Tortious Interference with a Contract, Business Conspiracy, and Civil Conspiracy. It sought damages and a permanent injunction. On May 11, 2011, the court granted JTH default judgment in the amount of $55,066.78 and enjoined the Defendants from conducting operations in contravention of their contractual obligations.

On April 27, 2012, JTH filed a Motion for Order to Show Cause Why the Defendants and Fred Olson (a third-party employee of the Defendants) Should Not Be Held in Civil Contempt for violating the court's May 11, 2011, Order. The court held a show cause hearing on that issue on August 31, 2012. On September 26, 2012, the court issued an opinion finding the Defendants in civil contempt of the court's May 11, 2011, Order for failing to return to JTH all customer lists and information, customer tax returns, files, records, and copies, and the Liberty Operations Manual. The court granted the

2

Defendants ten (10) days to purge the contempt, after which time the court would assess a fine of $100 per day, per Defendant, until they came into compliance with the May 11, 2011, Order. Additionally, the court extended, in part, the non-compete injunction of the May 11, 2011, Order, and indicated it would order the Defendants to pay reasonable attorney's fees to JTH upon JTH's submission of evidence of such fees incurred subsequent to the May 11, 2011, Order.

## II. Legal Standards

In fashioning a remedy for civil contempt, the district court enjoys broad discretion, which includes the power to award reasonable attorney's fees. In re Gen. Motors Corp., 61 F.3d 256, 259 (4th Cir. 1995). Under the "American Rule," "the prevailing litigant is ordinarily not entitled to collect attorneys' fees from the loser," Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975), but the Supreme Court has recognized an exception where there is "willful disobedience of a court order," Id. at 258. In the context of contempt, district courts in the Fourth Circuit have held that "the contemnor's refusal to comply with a court's order must rise at least to the level of obstinance or recalcitrance before the willful exception is invoked." Omega World Travel, Inc. v. Omega Travel, Inc., 710 F. Supp. 169, 173 (E.D. Va. 1989), (citing Wright v. Jackson, 522 F.2d 955, 957-58 (4th Cir. 1975), aff'd, 905 F.2d 1530 (4th Cir. 1990)); see also JTH Tax, Inc. v. Fein, No. 2:08cv21,

slip op. (E.D. Va. Oct. 7, 2009); Columbia Gas Transmission Corp. v. Mangione Enters. of Turf Valley, L.P., 964 F. Supp. 199 (D. Md. 1996).

Once a decision has been made to award attorney's fees, the district court has "considerable discretion" in determining the amount of attorney's fees to award. Colonial Williamsburg Found. v. Kittinger Co., 38 F.3d 133, 138 (4th Cir. 1994). The proper first step is to calculate the lodestar amount, which results from multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). When making this calculation, the court must exclude any hours that are "excessive, redundant, or otherwise unnecessary," as such hours are not reasonably expended on the litigation. Hensley, 461 U.S. at 434. This process requires the use of the same "billing judgment" that guides a lawyer in private practice in billing his client. Id.

A properly calculated lodestar figure is presumed to be a reasonable fee. See Del. Valley Citizens' Council for Clean Air, 478 U.S. at 565. However, the court's discretion to award fees necessarily "encompasses the ability to depart from the lodestar in appropriate circumstances." Carroll v. Wolpoff & Abramson, 53 F.3d 626, 629 (4th Cir. 1995). The court may adjust a fee upward or

4

downward from the lodestar based on the twelve factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974),[1] as well as other considerations. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

The party requesting a fee bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. See Hensley, 461 U.S. at 437.

### III. Analysis

The court has already found that the Defendant's non-compliance in this case exceeded mere negligence or carelessness, instead rising to the level of "obstinance or recalcitrance." Sept. 26, 2012, Order at 14-15 (quoting Omega World Travel, 710 F. Supp. at 173). Indeed, the Defendants completely and continuously disregarded the May 11, 2011, Order's directive to return Liberty customer tax returns, files, records, copies, and the Liberty Operations Manual and all updates. Despite being notified numerous times of their violations, the Defendants made no attempt whatsoever to come into compliance.

---

[1] The twelve factors identified in Johnson are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

5

On the basis of these findings, the court held that an award of attorney's fees is appropriate. Sept. 26, 2012, Order at 15.

On October 10, 2012, JTH filed a notice of evidence of attorney's fees, seeking $14,700 in attorney's fees. To support its request, JTH offered the declaration of its corporate counsel, Christopher D. Davis, which indicated Mr. Davis's belief that $250 per hour was a reasonable billable rate for his services and that Mr. Davis expended 58.8 hours on this matter subsequent to the entry of the May 11, 2011, Order.

The hourly rate requested by the prevailing party must be reasonable. See Rum Creek Coal Sales, Inc., v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994) (citing Hensley, 461 U.S. at 433). Courts ordinarily look to the "prevailing market rates" charged by lawyers of similar capabilities and experience "in the relevant community." Blum, 465 U.S. at 895-96. Prevailing parties bear the burden of demonstrating that their requests fall within the prevailing market rates, which can be accomplished through affidavits from disinterested counsel, evidence of awards in similar cases, or other specific evidence that allows the court to determine "actual rates which counsel can command in the market." Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987). Affidavits from the prevailing party alone are not sufficient. See Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990).

JTH asserts that $250 is a reasonable hourly rate for Mr. Davis's services. Decl. Christopher D. Davis, Oct. 10, 2012, ¶ 5. Mr. Davis graduated from Regent University with joint MBA and JD degrees in May 2007, and has served as corporate counsel to JTH since August 2007. Id. ¶¶ 2-3. Because JTH has not offered affidavits from disinterested counsel, evidence of awards in similar cases, or any other specific evidence that $250 per hour is the prevailing market rate charged by attorneys of similar capabilities and experiences in this district, it has failed to demonstrate to the court's satisfaction that $250 is a reasonable hourly rate. Indeed, the only support JTH provides for its contention that $250 is a reasonable hourly rate is Mr. Davis's purported "inquiry of the customary fees of other local practicing attorneys." Id. at 5.

The court exercises its discretion and finds, based on more than thirty (30) years of practice and judicial experience within the Eastern District of Virginia and the Fourth Circuit, that $175 better represents the prevailing market hourly rate charged by attorneys in this district with Mr. Davis's background. See Project Vote/Voting for America, Inc. v. Long, No. 2:10cv75, 2012 U.S. Dist. LEXIS 119009, at *18 n.7 (E.D. Va. Aug. 22, 2012) (relying on the court's practice and judicial experience within the district to determine that a certain hourly rate was reasonable).

7

JTH alleges that Mr. Davis expended 58.8 hours related to the Defendant's willful violation of the court's May 11, 2011, Order. Decl. Christopher D. Davis, Oct. 10, 2012, Ex. A. The court finds that the number of hours expended were adequately justified and reasonable.

In light of the foregoing considerations, the court calculates the lodestar figure to be $10,290, based on 58.8 hours expended on account of the Defendant's willful violation of the court's May 11, 2011, Order, multiplied by a reasonable hourly rate of $175.

## IV. Johnson Factors

After arriving at the lodestar figure, the district court should consider "whether to adjust the fee on the basis of other [Johnson] factors, briefly explaining any adjustment." Colonial Williamsburg Found. v. Kittinger Co., 38 F.3d 133, 138 (4th Cir. 1994). Because the attorney who performed the legal services in this case was JTH's corporate counsel, many of the Johnson factors do not come into play.[2] Of the remaining factors, only the factor relating to the novelty and difficulty of the questions weighs in favor of adjusting the fee in this case. JTH is no stranger to the legal avenues by which civil contempt sanctions are obtained. Indeed, during Mr. Davis's tenure

---

[2] For example, as corporate counsel, Mr. Davis did not choose to accept this case, and thus the case's undesireability was not a factor, nor was Mr. Davis precluded from other employment because of his work on this case.

8

as corporate counsel, JTH has appeared in the Norfolk Division of the Eastern District of Virginia on at least two other occasions seeking civil contempt sanctions against former franchisees. See JTH Tax, Inc. v. Lee, 540 F. Supp. 2d 642, 647 (E.D. Va. 2007); JTH Tax, Inc. v. Fein, No. 2:08cv21, slip op. at 16-17 (E.D. Va. Oct. 7, 2009). Thus, it is evident that this is a routine matter with which JTH's corporate counsel has intimate familiarity, and a downward departure from the lodestar calculation is therefore appropriate. Accordingly, the court reduces the lodestar figure by ten (10) percent,[3] or $1029, and **FINDS** that a total attorney's fees award of $9,261 is reasonable in this case.

## VI. Conclusion

For the foregoing reasons, the court **GRANTS** JTH's Motion for Attorney's Fees, and awards $9,261 in attorney's fees. The Clerk shall enter judgment to this effect. The Clerk is also **DIRECTED** to forward a copy of this Memorandum Order to all parties. All matters having been addressed, this case is now concluded on the court's docket.

---

[3] This reduction also alleviates the court's concern regarding Mr. Davis's time entry of June 15, 2012, which attributes eight (8) hours to depositions in New Jersey and travel. Decl. Christopher D. Davis, Oct. 10, 2012, Ex. A. The court has no record of any depositions actually taking place after the May 11, 2011, Order. At the Show Cause Hearing on August 31, 2012, JTH's counsel informed the court that no one appeared for noticed depositions.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

October 23, 2012